### RHODES *v.* BOULDRY.

1. ESTATES TAIL.
    An estate tail general is one limited to a man and the heirs of his body without any further specification.

2. SAME—WILL—ESTATE CREATED.
    A devise of lands "not only to [the devisee] but to the heirs of his body" creates an estate tail general, and under the laws of this State creates a fee. 3 Comp. Laws, § 8785.

Appeal from Jackson; Peck, J. Submitted October 6, 1904. (Docket No. 16.) Decided November 9, 1904.

Bill by Lorenzo M. Rhodes, administrator of the estate of Truman Bouldry, deceased, against Silas Bouldry,

George W. Carter, May Covey, Bert Bouldry, Royal
Bouldry, and Demmon Bouldry to obtain a construction
of the last will and testament of Deming Bouldry, de-
ceased.    From a decree for complainant, defendants
Covey and Bouldry appeal.    Affirmed.

One Deming Bouldry died testate.    By his will he de-
vised to Silas W. Bouldry, his stepson, the land described
in the bill of complaint.    Silas mortgaged the land.    The
mortgage was purchased by, and duly assigned to, de-
fendant Carter and his brother, now deceased, who were
copartners.    Said mortgage was foreclosed, and the land
purchased by them, and subsequently sold and conveyed
to Truman Bouldry, of whose estate complainant is ad-
ministrator.    Truman mortgaged this and other lands,
and the mortgage so given and the bond accompanying
the same were at the time of the death of Truman owned
by defendant Carter.    His claim against the estate upon
said bond and mortgage was allowed at the sum of
$4,611.42.    The defendants May Covey and Bert, Royal,
and Demmon Bouldry are the children of Silas, who is
still living.    The personal estate being insufficient to pay
the debts and expenses of administration, complainant is
compelled to sell real estate for that purpose.    The chil-
dren of Silas claim that their father has only a life estate
in the land, under the provisions of the will of Deming
Bouldry.    The second clause in the will, in the usual
language, devises the land to Silas.

The third clause reads as follows:

" I bequeath the above-described lands, not only to the
said Silas W. Bouldry, but to the heirs of his body."

The object of the bill is to obtain a construction of the
above devise; complainant and defendant Carter insisting
that by the will the title in fee vested in Silas.    The court
below decreed that " the title rests in fee simple absolute
in the estate of said Truman Bouldry, as assignee of Silas
W. Bouldry, the devisee thereof under the will of Deming
Bouldry."

*Thomas E. Barkworth*, for complainant.

*R. S. Woodliff*, for defendants Covey and Bouldry.

*Parkinson & Campbell*, for defendant Carter.

Grant, J. (*after stating the facts*). An estate tail general is one "limited to a man and the heirs of his body, without any further specification." 1 Washb. Real Prop. § 200. "To hold in fee tail or in tail, is 'where a man holdeth certain lands or tenements to him and to his heirs of his body begotten;' that is a general tail." 3 Stroud's Jud. Dic. 2004. See, also, 11 Am. & Eng. Enc. Law (2d Ed.), p. 371. The devise in this will created an estate tail general under all the authorities. It would be difficult to find language more appropriate to create such an estate. Estates tail are abolished by statute. 3 Comp. Laws, § 8785. This case is ruled by *Goodell* v. *Hibbard*, 32 Mich. 47, and *Eldred* v. *Shaw*, 112 Mich. 237.

The decree of the court is correct, and is affirmed, with costs to the complainant.

The other Justices concurred.